## Gibson v. Powell.

A payee of a note may indorse it by writing his name on the face. The construction will depend upon the intent of the parties at the time.

Where a party is sued as a maker of a note, a plea that he signed it as endorser, and not as maker, is a good plea to the action.

WRIT OF ERROR from the circuit court of Simpson county.

Powell sued Gibson on a promissory note, which is in the following words, viz:

" $700.                                 Brandon, January 19, 1838.

" On or before the first day of January next, I promise to pay Lewis C. Gibson, or bearer, seven hundred dollars, for value received.                 (Signed)                 C. K. BROWN,

LEWIS C. GIBSON."

The declaration contains two counts.   The first declares against Gibson as a joint maker with Brown, deceased, and sets forth that Gibson transferred said note, by delivery, to the plaintiff, Powell. The second count declares against Gibson as the maker of a note, payable *to bearer*, and that he, Powell, became the bearer for value received.

The defendant plead, first, the general issue, and, secondly, a special plea, alledging that said Brown made said note, and delivered the same to said Gibson, and that the defendant, Gibson, afterwards signed his name on the face of said note, and delivered the same to the plaintiff, intending, as said plaintiff then and there well knew, to render himself liable on said note as indorser thereof, and not otherwise, and was then and there accepted by the plaintiff as a note indorsed as aforesaid.

To the second plea the plaintiff demurred, and defendant joined in demurrer.   The court sustained the demurrer, and adjudged the plea insufficient to bar the action.

Gibson *v.* Powell.

The cause went to trial on the general issue, and on the trial, the note being in evidence, the defendant proved by a witness that some time before the institution of this suit he acted for the parties, plaintiff and defendant, in the adjustment of some accounts between them, in which Gibson was found debtor to Powell; that on the adjustment of the balance, defendant, Gibson, promised to transfer to Powell a note held by him, drawn by C. K. Brown, for some six or seven hundred dollars, but which was not then produced; that some time after, Powell showed the note in suit to witness, and told him that Lewis C. Gibson had indorsed it; and that Lewis C. Gibson, the drawer and payee of the note is the same person; and thereupon the defendant, by counsel, moved the court to instruct the jury, "that if they believe from the evidence that Lewis C. Gibson, whose name is signed to the note sued on, is the same man to whom the note is made payable, and that he signed the note, the plaintiff cannot recover in this action," which instruction the court refused; but the court, at the request of the plaintiff, charged the jury that if said Gibson signed a note as maker, payable to himself or order, or bearer, he is liable to the plaintiff in this action; whereupon the defendant excepted to the opinion of the court.

Hughes, for plaintiff in error.

The averment in the declaration is, that Gibson, with another, made a note payable to Lewis C. Gibson or bearer, and in the second count, that he made a note to bearer; and the averment in the plea is, in substance, that he did not make a note, but that he indorsed it, and it was received as an indorsement, although upon its face it is *signed.* This plea should have been sustained. It is well settled that an indorsement may as well be made by writing on the face of the note, as on its back. See Chitty on Bills, 252. It never does depend upon the place where a name is found, whether on the face or back of a note, whether the intention is to make a common indorsement, a guaranty, or surety. That depends on the agreement of the parties at the time the thing is done. See Moris *v.* Bird, 11 Mass. Rep. 436, and cases there referred to in note. One of tne cases there referred to was a case in New York,

6*

where it was sought to charge a party who had indorsed as guarantor, but because this was not the agreement, the court would not permit a recovery.   So in the case of Moris *v*. Bird, a recovery was permitted against the party as surety, although he was an indorser, because that was the agreement.   So in this case the agreement was to indorse, and in the character of indorser only can he be charged.

The court should have charged as asked by Gibson's counsel, because it is well settled that a person cannot make an agreement with himself.   There must be the assent of two minds to the making of an agreement.   A note by which A and B promise to pay B is not the note of B, because there lacks the assent of two minds, one only agrees.   B could not sue himself, or compel himself to perform his agreement.   The case of Allen *v*. Shadburne, 1 Dana 68, referred to by the counsel, is a case in point, to show, in the opinion of a majority of the court, that such an agreement is void as to the one attempting to bind himself, although held good as to the other; the member of the court dissenting believing the agreement void as to both.

TURNER, J. stated the case, and delivered the opinion of the court.

We are of opinion that the court below erred in sustaining the demurrer to the plea.   It is not material on what part of the paper, on which a negotiable note is written, the name of an indorser appears, if he is an indorser.   In this case, the fact admitted by the demurrer is, that Gibson was the payee, that he passed the note to the defendant, Powell, and indorsed it.   And the defendant, Powell, on the writ which issued in the case, described the note as made by C. K. Brown, and indorsed by defendant, Gibson.   (In the declaration he states it differently.)

The liabilities of a maker and indorser of a note are very different; and the facts relied on by the defendant below were pleaded, and being confessed, are a bar to the action.   Then, as to the charge of the court, the evidence stated in the bill of exceptions, if believed by the jury, was also conclusive in favor of the defen-

Gibson *v.* Powell.

dant below, to wit: that the note was indorsed in the course of trade, by Gibson to Powell, and that it was received by Powell, not as the joint note of Brown and Gibson, but as a note (as it purports to be in the singular number,) made by Brown, payable to Gibson.

The judgment is reversed, and venire facias de novo awarded.